**BRADLEY–TURNER MINES, INC., a corporation, Plaintiff,**

v.

**Henry E. BRANAGH, as Forest Supervisor, Tahoe National Forest, California, and M. G. Barnum, as California Regional Forester, United States Forest Service, Defendants.**

**Civ. No. 8087.**

United States District Court
N. D. California, N. D.

Sept. 16, 1960.

Charles L. Gilmore, Sacramento, Cal., for plaintiff.

Laurence E. Dayton, U. S. Atty., and William B. Spohn, Asst. U. S. Atty., San Francisco, Cal., for defendants.

WOLLENBERG, District Judge.

In accordance with the Order of this Court dated and entered May 27, 1960, dissolving the temporary restraining order previously issued and denying the preliminary injunction sought by the plaintiff, the Court makes the following:

### Findings of Fact

1. The plaintiff claims certain unpatented mining locations in Sierra County, California, within the Tahoe National Forest and the territorial jurisdiction of this Court.

2. In the latter months of 1959, a destructive fire swept over a large area within said Forest, including the lands on which the plaintiff's claims are situated, killing most of the timber in the area and leaving the greater part of the remainder in a dying condition.

3. This fire killed and damaged timber is especially prone to rot, disease, insect infestation, and rapid deterioration; and unless promptly removed will expose the timber on adjoining lands to severe hazards of fire and insect infestation.

4. The damage threatened by these results ranges from some $200,000 to more than $1,300,000, depending on the extent to which the insect infestation is unabated and spreads from the burned-over acres to those adjoining.

5. By prospectus dated April 1, 1960, the Regional Forester acting under authority of the Act of June 4, 1897 (30 Stat. 35; 16 U.S.C.A. § 475) as revised, and Regulation S-5 of the Secretary of Agriculture (36 C.F.R. 221.5) announced that all of the timber in question would be sold at public auction on April 15, 1960, subject to later written contract.

6. The pertinent portion of Regulation S-5 reads as follows:

Timber on an unpatented claim to which the United States does not otherwise have disposal rights may be disposed of with written consent of the claimant, or, in emergencies arising from insect infestations, disease infections, or rapid deterioration of timber killed or dying from fire or other causes, without the consent of the claimant.

7. The timber in question was sold on April 15, 1960, pursuant to said prospectus, for an estimated price of $235,-112.88. Of said amount, approximately $200,000 represented the value of the timber standing on the mining locations claimed by the plaintiff.

8. Before the written contract of sale was executed, the plaintiff filed a complaint for injunction and damages on May 2, 1960 and secured the issuance of an order restraining the defendants from proceeding with the sale and requiring them to show cause why they should not be further enjoined pending determination of the issues presented in the complaint.

### Conclusions of Law

1. The timber in question and the lands on which it stands are owned by the United States of America, as part of the Tahoe National Forest.

2. The unpatented mining locations claimed by the plaintiff are subject to the paramount title of the United States of America, and the plaintiff's rights therein are limited to use of land and timber for mining purposes.

3. Under the applicable statutes and regulations, and in the emergency situation found above, the Regional Forester has authority to dispose of said timber as proposed in the aforesaid prospectus dated April 1, 1960.

4. The plaintiff has failed to show that it is entitled to an injunction restricting the defendants from proceeding to remove, or have removed said timber pending trial herein.

5. The defendants should not be restrained nor enjoined from proceeding with the disposal of the timber, pursuant to the aforesaid prospectus.

**Judgment Dismissing Cause of Action**

Upon consideration of the pleadings, briefs and argument, It Is Ordered, Adjudged and Decreed that the above entitled cause of action be dismissed under Rule 12 of F.R.Civ.P., for want of jurisdiction, as a suit against the United States.

It appears from the complaint that this suit is against the United States. The action materially affects the substantial interests of the United States in the title to timber upon unpatented mining claims. In fact, this Court found in denying injunctive relief in this same case that the United States owned the timber in question. The defendants Branagh and Barnum are described in the title of the action in their official capacities. The complaint also alleges that "all actions performed by said defendants were done and performed in their above-described official capacities."

■ The complaint does not allege that the defendants acted in excess of their authority, or that they acted in a complete absence of authority. Plaintiff does not allege that the acts of the defendants conflict with the terms of their valid authority or that the statutes giving such authority are unconstitutional, nor does it allege facts which indicate that it was deprived of property without due process of law. Under the circumstances as pleaded, the acts of the defendants are to be viewed as the acts of the United States.

"We hold that if the actions of an officer do not conflict with the terms of his valid statutory authority, then they are the actions of the sovereign, whether or not they are tortious under general law, if they would be regarded as the actions of a private principal under the normal rules of agency." Larson v. Domestic and Foreign Commerce Corp., 1949, 337 U.S. 682, 695, 69 S.Ct. 1457, 1464, 93 L.Ed. 1628.

The plaintiff has failed to allege that the United States has waived immunity in this case.